UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC -8  P 3: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT SCALLI, )
)
**Plaintiff,** )
)
v. ) Civil Action No. 03-CV-12414NG
)
CITIZENS FINANCIAL GROUP, INC., )
)
**Defendant.** )

## MOTION TO DISMISS COUNT III, COUNT IV, AND COUNT VI OF PLAINTIFF'S COMPLAINT

For the reasons set forth below, Defendant Citizens Financial Group, Inc. ("CFG") hereby moves to dismiss Count III, Count IV, and Count VI of Plaintiff Robert Scalli's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 9(b),12(b)(1) and 12(b)(6). As grounds therefore, CFG states as follows:

**I.  Procedural Background**

1.   On or about November 12, 2003, Plaintiff Robert Scalli, a former employee of Citizens Mortgage Company, a subsidiary of CFG, filed a complaint in Massachusetts Superior Court alleging Wrongful Discharge in Violation of Public Policy (Count I), Breach of the Covenant of Good Faith and Fair Dealing (Count II), Tortious Misrepresentation (Count III), Violation of M.G.L. c. 149, § 148 (Count IV), Tortious Interference with Advantageous and/or Contractual Relations (Count V), and Defamation (Count VI).  On or about December 1, 2003, CFG removed the case to this Court.

LIBB/1221372.2

## II.    Count III – Tortious Misrepresentation (Fed. R. Civ. P. 9(b))

2.    In Count III, Mr. Scalli alleges that CFG "made false statements of material fact to Mr. Scalli regarding career advancement with the intent that Mr. Scalli thereon relied." Complaint ¶ 22. Mr. Scalli claims that the "false statements… were: (a) made as to facts susceptible of actual knowledge with knowledge of their untruth or with reckless disregard as to their truth; (b) promissory in nature but made with a present intent not to comply therewith; (c) promissory in nature and involved predictions as to future events; (d) the knowing utterance of half-truths which were, in effect, whole lies; and/or (e) made in breach of defendant's duty to exercise due care to reasonably determine that the statements made were true and accurate at the time they were made and that true and accurate statements were made to Mr. Scalli." Id. ¶ 24.

3.    Massachusetts law recognizes that a tortuous misrepresentation clam is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *See Ralph v. Rowe*, No. 97-01279, 1998 Mass. Super. LEXIS 601  (Mass. Sup. Ct. Sept. 8, 1998) (holding that tortuous misrepresentation must meet the requirements of Mass. R. Civ. P. 9(b)).

4.    Rule 9(b) of the Federal Rules of Civil Procedure states as follows: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As this Court explained,

> the purpose of Rule 9 is to provide notice to the defendant of the grounds on which the plaintiff's fraud claim rests, to diminish the possibility that a plaintiff with a largely groundless claim will be able to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonable hope of prevailing, and to safeguard defendants from frivolous charges which may damage their reputations.

*Lindner Dividend Fund, Inc. v. Whitehill Capital, Inc.*, 880 F. Supp. 49, 56-57 (D. Mass. 1995) (citations omitted).

5.  To satisfy Rule 9(b), Mr. Scalli must describe time, place and content of the relevant communication. *See New England Data Services, Inc. v. Becher*, 829 F.2d 286, 292 (1st Cir. 1987).

6.  Mr. Scalli has not identified the time, place, and content of the relevant communication and thus not met the pleading requirement of Fed. R. Civ. P. 9(b).

7.  Accordingly, Count III should be dismissed for pleading deficiency pursuant to Fed. R. Civ. P. 9(b).

### III. Count IV – Violation of Section 148 of Chapter 149 of the Mass. Gen. Laws (Fed. R. Civ. P. 12(b)(1))

8.  In Count IV of his Complaint, Mr. Scalli alleges that the "acts of Defendant constitute violations of M.G.L. c. 149, § 148." Id. ¶ 27. This count is based upon Mr. Scalli's assertion that "[u]nder the terms of the promises and assurances made to him during the course of his employment, Mr. Scalli was entitled to but has been denied wages and other benefits due him." Id. ¶ 11.

9.  Section 150 Massachusetts General Laws chapter 149 states that an employee claiming to be aggrieved by a violation of Section 148 "may, at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on is own behalf... a civil action for injunctive relief and any damages incurred...."

10. Where a plaintiff fails to comply with statutorily created prerequisites, a court lacks jurisdiction to hear the case. *Dunfey v. Primetech Professional Svcs., Inc.*, No. 99-2306, 2002 Mass. Super. LEXIS 34, at *4 (Mass. Super. Ct. Jan. 4, 2002), cited with approval in *Nahigian v. Leonard*, 233 F. Supp. 2d 151, 164 (D. Mass. 2002) (discussing the need to exhaust administrative remedies with respect to naming additional defendants in a complaint to the attorney general pursuant to Section 150).

11. Mr. Scalli's allegations, taken as true for the purposes of this motion, fail to establish the Court's jurisdiction to hear his claim under Section 150 because he has not alleged that he has filed a complaint with the attorney general nor has he alleged that he received written permission from the attorney general within three years of the alleged violation.

12. Accordingly, Count IV must be dismissed for lack of subject matter jurisdiction pursuant Fed. R. Civ. P. 12(b)(1).

### IV.    Count VI – Defamation (Fed. R. Civ. P. 12(b)(6))

13. In Count VI, Mr. Scalli alleges that "[a]fter his termination, through its agents an employees, [CFG] published false statements that exposed Plaintiff to ridicule in his community." Complaint ¶ 33. This same allegation first appears in Paragraph 12 of the Complaint.

14. This Court has noted that under Massachusetts law, defamation traditionally is a disfavored action, and that "courts have applied a stricter standard to complaints for defamation by requiring defamation plaintiffs to plead the elements of their claims with specificity in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Dorn v. Astra USA*, 975 F.

Supp. 388, 396 (D. Mass. 1997) (citing *Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426, 432 n.7, 583 N.E.2d 228, 231 n.7 (1991) and *Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 728 n.6 (1st Cir.), *cert. denied*, 504 U.S. 974, (1992) ("a defendant is entitled to knowledge of the precise language challenged as defamatory..."))

15.   To survive a motion to dismiss, Mr. Scalli must plead: (1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s); (2) the means and approximate dates of publication; and (3) the falsity of those statements. *Dorn*, 975 F. Supp. at 396.

16.   Here, Mr. Scalli does not allege any specific alleged defamatory statements. Nor does Mr. Scalli identify the time, place, or means by which such statements were published. *See id.* (where plaintiff's allege that former employer's executives made false and disparaging statements regarding the circumstances under which the plaintiffs were terminated, including statements that the plaintiffs were terminated for poor performance, plaintiffs fail to state a claim of defamation with the requisite level of particularity because they make no allegations as to the means or publication of the statements and do not allege who made the statements or how such statements were published).

17.   Accordingly, Count VI of the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

LIBB/1221372.2

## Request for Oral Argument

In accordance with Rule 7.1(d) of the Local Rules of this Court, CFG requests oral argument at a date and time to be set by this Court.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

_____
Bradford J. Smith, P.C. (BBO #550325)
Jeffrey S. Siegel (BBO #647148)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: December 8, 2003

## CERTIFICATE OF SERVICE

I, Jeffrey S. Siegel, hereby certify that on December 8, 2003 a true copy of the foregoing Answer and Affirmative Defenses was served by First Class Mail Postage Prepaid upon Nicholas J. DiMauro

Law Offices of Nicholas J. DiMauro
Corporate Place
111 South Bedford Street, Suite 208
Burlington, MA 01803.

_____
Jeffrey S. Siegel