**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ROBERT SCALLI,**
    **Plaintiff,**

v.                                       **CIVIL ACTION NO.: 03CV-12414NG**

**CITIZENS FINANCIAL GROUP, INC.**
    **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT III, COUNT IV AND COUNT VI OF PLAINTIFF'S COMPLAINT**

Now comes the Plaintiff, Robert Scalli, and respectfully requests this Honorable Court to deny the Defendant, Citizens Financial Group, Inc.'s Motion to Dismiss Count III, Count, IV, and Count VI of the Plaintiff's Complaint. As grounds for this opposition the Plaintiff states the following:

**I.     PROCEDURAL BACKGROUND**

1. On or about November 7, 2003, Plaintiff, Robert Scalli, filed a complaint alleging Wrongful Discharge in Violation of Public Policy (Count I), Breach of Implied Covenant of Good Faith and Fair Dealing (Count II), Tortious Misrepresentation (Count III), Violation of M.G.L.c. 149, §148 (Count IV), Tortious Interference with Advantageous and/or Contractual Relations (Count V), and Defamation (Count VI).

**II.    COUNT III - TORTIOUS MISREPRESENTATION**

2. The Defendant, Citizens Financial Group, Inc. ("CFG") argues that Mr. Scalli has not identified the time, place and content of the relevant communication and thus, has not met the pleading requirement of Fed. R. Civ. P. 9(b). See ¶6 of the Defendant's Motion to Dismiss. See also, Lindner Dividend Fund, Inc. v. Whitehall Capital, Inc. 880F Supp. 49 (D. Mass. 1995).

3. Plaintiff is seeking leave of Court to file an Amendment to Count III. (See Amended Complaint attached hereto as Exhibit 1). Therefore, the Plaintiff, Robert Scalli has adequately specified the time, place and contents of the false representations. See ¶24 of Count III of Amended Complaint.

### III.    COUNT IV - VIOLATION OF §148, C. 149, MASS. GEN. LAWS

4. The Defendant, CFG, further argues that Mr. Scalli has failed to establish the Court's jurisdiction because he has not filed a complaint with the attorney general nor has he received written permission from the attorney general to pursue a private suit.

5. The Plaintiff asserts that he filed a complaint pursuant to §148, c.149 and that the Attorney General assented in writing to the institution of a civil action by the Plaintiff on December 10, 2003. (See authorization letter issued by Attorney General's office attached hereto as Exhibit 2).

6. The Plaintiff has satisfied the statutory requirements and hence, the Court has jurisdiction.

### IV.    COUNT VI - DEFAMATION

7. The Defendant, CFG, argues that Mr. Scalli has not specifically alleged defamatory statements. Plaintiff is seeking leave of Court to file an Amended Complaint as to Count VI. (See Amended Complaint attached hereto as Exhibit 3). Thus, the Plaintiff has averred the general tenor of the claim, the precise wording of the defamatory statement as well as the means and approximate dates of publication and the falsity. See ¶36 of Count VI of Amended Complaint.

WHEREFORE, the Defendant's Motion to Dismiss Count III, Count IV and Count VI of the Plaintiff's Complaint should be denied.

Respectfully submitted,
The Plaintiff, Robert Scalli,
By his attorney,

Dated: 1/8/04

_____
Nicholas J. Di Mauro – BBO#564241
Law Offices of Nicholas J. Di Mauro
Corporate Place
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801